IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA,
TALLAHASSEE DIVISION

MWASI SONGAMBELE,

        Plaintiff,

vs.                                 CASE NO.: 4:10cv241-RH-WCS

GODFREY O. ONUGHA, D.M.D, *individually*;
and W.T. TAYLOR, *individually*,

        Defendants.
_____/

## SECOND AMENDED COMPLAINT

    Plaintiff, MWASI SONGAMBELE, hereby sues Defendants, GODFREY O. ONUGHA,

D.M.D. ("ONUGHA") and W.T. TAYLOR ("TAYLOR") and alleges the following:

## NATURE OF THE ACTION

    1.    This is a civil action against ONUGHA for sexually battering Plaintiff and against

ONUGHA and TAYLOR for committing acts which deprived Plaintiff of rights, privileges and

protections guaranteed her by the Constitution and laws of the United States of America or

which were committed in retaliation against Plaintiff for exercising such rights. This action is

brought under the provisions of Florida common law; the First and Eighth Amendments to the

United States Constitution; the United States Supreme Court's decision in *Bivens v. Six Unknown

Named Agents*, 403 U.S. 388 (1971); section 794.011(4), Fla. Stat.; 18 U.S.C. § 2241(a)(1); and

18 U.S.C. § 2243(b).

## JURISDICTION AND VENUE

    2.    The Court has jurisdiction over this dispute because this complaint seeks damages

in excess of fifteen thousand ($15,000.00) dollars, exclusive of interest and attorney's fees.

3.       Venue in Leon County is proper because the acts from which Plaintiff's claims arise occurred in Leon County, Florida.

4.        All conditions precedent to maintaining this action have been waived or satisfied.

## THE PARTIES

5.       At all times material hereto, Plaintiff resided in the State of Florida while in the custody of the Federal Bureau of Prisons at Federal Correctional Institute Tallahassee, 501 Capital Circle NE, Tallahassee, Florida 32301 (hereinafter, "FCI Tallahassee").

6.       At all times material hereto, Plaintiff, by virtue of being in the custody of the Federal Bureau of Prisons at FCI Tallahassee, was a person within the jurisdiction of the United States of America.

7.       At all times material hereto, ONUGHA was a dentist licensed in and residing in the state of Florida and was, upon information and belief, a duly appointed officer in the U.S. Public Health Service Commissioned Corps and who, in his capacity as a commissioned officer in the U.S. Public Health Service Commissioned Corps, provided dental care to inmates at FCI Tallahassee.

8.       At all times material hereto, ONUGHA, by virtue of his position as a commissioned officer in the U.S. Public Health Service providing dental care to inmates at FCI Tallahassee, was acting under color of federal law.

9.        At all times material hereto, ONUGHA, by virtue of his position as a commissioned officer in the U.S. Public Health Service providing dental care to inmates at FCI Tallahassee, was in a position of control or authority over Plaintiff in a detention, custodial, or

similar setting, or acted in such a manner as to lead Plaintiff to reasonably believe that he was in a position of control or authority as an agent or employee of the Federal government.

10.     At all times material hereto, TAYLOR was the warden at FCI Tallahassee.

11.     At all times material hereto, TAYLOR, by virtue of his position as the warden at FCI Tallahassee, was acting under color of federal law.

## GENERAL ALLEGATIONS

12.     On or about January 19, 2010, ONUGHA, who at the time was providing dental care to Plaintiff, directed Plaintiff to enter a room at FCI Tallahassee wherein x-rays were taken.

13.     Once Plaintiff entered the x-ray room at ONUGHA's direction, she was alone with ONUGHA.

14.     While alone with Plaintiff, ONUGHA grabbed Plaintiff by the neck and began choking her.

15.     While choking Plaintiff, ONUGHA took out his penis, which he then forced Plaintiff to take into her mouth.

16.     After inserting his penis in Plaintiff's mouth, ONUGHA kept it there until he ejaculated in Plaintiff's mouth.

17.     Plaintiff reported ONUGHA's actions to prison administrators and turned over to investigators the clothing she was wearing at the time she was attacked, which was stained with ONUGHA's semen.

18.     After Plaintiff reported ONUGHA's actions to prison administrators, TAYLOR ordered that Plaintiff be segregated indefinitely from FCI Tallahassee's general population and confined to FCI Tallahassee's Special Housing Unit (SHU), that facility's version of "close," or "solitary" confinement.

3

19.     As a result of being confined to FCI Tallahassee's SHU, Plaintiff was deprived of numerous privileges and benefits permitted prisoners in the general population. These deprivations included, but are not limited to, the following:

- the amount of time she was allowed outside her cell to exercise or get fresh air was markedly reduced;

- her ability to socialize and interact with other inmates was markedly reduced;

- her access to the telephone was markedly reduced;

- the amount of time she had to visit with family and friends was markedly reduced;

- she was not allowed to meet with legal counsel unless an FCI employee could listen to the discussion between Plaintiff and her legal counsel.

20.     Upon information and belief, on or about April 14, 2010, TAYLOR ordered Plaintiff transferred from FCI Tallahassee's SHU to the Wakulla County Jail in Wakulla County, Florida.

21.     As a result of being confined in Wakulla County Jail, Plaintiff was deprived of numerous privileges and benefits permitted prisoners in the general population at FCI Tallahassee. These deprivations included, but are not limited to, the following:

- the amount of time she was allowed outside her cell to exercise or get fresh air was markedly reduced;

- she was forced to share a cell, toilet and sink with a number of recent arrestees who exhibited threatening or erratic behavior because they were under the influence of drugs or alcohol and whose communicable disease status was unknown to either law enforcement or Plaintiff.

- her access to palatable food was markedly reduced: inmates at FCI Tallahassee were allowed reasonably balanced meals, including fruits and vegetables. By way of example only, at the Wakulla County Jail Plaintiff was forced to eat meals that consisted of nothing more than plain white bread; dry, boiled macaroni and bologna.

- her access to the telephone was markedly reduced;

- she was not allowed face-to-face meetings with friends and family.

22.     Upon information and belief, on or about April 14, 2010, TAYLOR ordered Plaintiff transferred from the Wakulla County Jail to the Jackson County Jail in Jackson County, Florida.

23.     As a result of being confined in Jackson County Jail, Plaintiff was deprived of numerous privileges and benefits permitted prisoners in the general population at FCI Tallahassee. These deprivations included, but are not limited to, the following:

- the amount of time she was allowed outside her cell to exercise or get fresh air was markedly reduced;

- she was forced to share a cell, toilet and sink with a number of recent arrestees who exhibited threatening or erratic behavior because they were under the influence of drugs or alcohol and whose communicable disease status was unknown to either law enforcement or Plaintiff.

- her access to palatable food was markedly reduced: inmates at FCI Tallahassee were allowed reasonably balanced meals, including fruits and vegetables. By way of example only, at the Wakulla County Jail Plaintiff was forced to eat meals that

consisted of nothing more than plain white bread; dry, boiled macaroni and bologna.

- her access to the telephone was markedly reduced;

- she was not allowed face-to-face meetings with friends and family.

## COUNT I – SEXUAL BATTERY
### (against ONUGHA)

24.    Plaintiff incorporates and re-alleges paragraphs 1 through 17 as if fully set forth herein.

25.    This is an action for the intentional tort of sexual battery, brought pursuant to the provisions of Florida common law and section 794.011, Florida Statutes.

26.    In committing the acts described in paragraphs 12 through 16, above, ONUGHA, without Plaintiff's consent, penetrated Plaintiff's mouth with his penis or caused union with Plaintiff's mouth and his penis in violation of Florida law.

27.     In committing the acts described in paragraphs 12 through 16, above, ONUGHA coerced Plaintiff to submit to the penetration of her mouth by ONUGHA's penis, or union with her mouth and ONUGHA's penis, by using or threatening to use force or violence likely to cause serious personal injury to Plaintiff where Plaintiff reasonably believed that ONUGHA had the present ability to execute the threat.

28.    In committing the acts described in paragraphs 12, 13 and 16, above, ONUGHA penetrated Plaintiff's mouth with his penis while in a position of control or authority over Plaintiff in a detention, custodial, or similar setting and, in so doing, acted in such a manner as to lead Plaintiff to reasonably believe that he was in a position of control or authority as an agent or employee of the Federal government.

29. In committing the acts described in paragraphs 12 through 16, above, ONUGHA acted maliciously and/or with reckless indifference toward, or callous disregard for, Plaintiff's health and safety and had actual knowledge of the wrongfulness of his conduct and the high probability that injury or damage to Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.

30. As a direct and proximate result of ONUGHA's foregoing unlawful acts, Plaintiff has suffered mental anguish, emotional distress, exacerbation of pre-existing medical conditions, loss of income, loss of benefits, embarrassment, humiliation, illness, loss of capacity for the enjoyment of life, and other tangible and intangible injuries and damages. These injuries and damages are continuing and permanent.

**WHEREFORE**, Plaintiff, MWASI SONGAMBELE, demands judgment against GODFREY O. ONUGHA, D.D.M., for compensatory and punitive damages including prejudgment interest, the costs of this action, and such further relief as the Court deems just and proper. Plaintiff demands a jury trial on all issues so triable.

## COUNT II – VIOLATION OF CIVIL RIGHTS
### (against ONUGHA)

31. Plaintiff incorporates and re-alleges paragraphs 1-17 as if fully set forth herein.

32. This is a civil action brought under the Eighth Amendment to the United States Constitution; the United States Supreme Court's decision in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); 18 U.S.C. § 2241(a)(1); and 18 U.S.C. § 2243(b), seeking compensatory damages, attorneys fees and costs against ONUGHA for committing one or more of the following acts under color of federal law depriving Plaintiff of rights secured by the Constitution and laws of the United States of America.

33.     In committing the acts described in paragraphs 12 through 16, above, ONUGHA, as an agent or employee of the Federal government with control or authority over Plaintiff in a detention, custodial, or similar setting, inflicted cruel and unusual punishment on Plaintiff in violation of the rights and protections guaranteed persons in the custody and jurisdiction of the United States under the Eighth Amendment to the United States Constitution.

34.     In committing the acts described in paragraphs 12, 13 and 16, above, ONUGHA, as an agent or employee of the Federal government with control or authority over Plaintiff in a detention, custodial, or similar setting, inflicted cruel and unusual punishment on Plaintiff in violation of the rights and protections guaranteed persons in the custody and jurisdiction of the United States under the Eighth Amendment to the United States Constitution.

35.     In committing the acts described in paragraphs 12 through 16, above, ONUGHA, acting under color of Federal law, deprived Plaintiff of the rights and protections guaranteed persons in the custody and jurisdiction of the United States under the laws of the United States, to wit: 18 U.S.C. § 2241(a)(1).

36.     In committing the acts described in paragraphs 12, 13 and 16, above, ONUGHA, as an agent or employee of the Federal government with control or authority over Plaintiff in a detention, custodial, or similar setting, deprived Plaintiff of the rights and protections guaranteed persons in the custody and jurisdiction of the United States under the laws of the United States, to wit: 18 U.S.C. § 2243(b).

37.     In committing the acts described in paragraphs 12 through 16, above, ONUGHA acted maliciously and/or with reckless indifference toward, or callous disregard for, Plaintiff's federally protected rights and had actual knowledge of the wrongfulness of his conduct and the

high probability that injury or damage to Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.

38.      As a direct and proximate result of the foregoing unlawful acts, Plaintiff has suffered mental anguish, emotional distress, exacerbation of pre-existing medical conditions, loss of income, loss of benefits, embarrassment, humiliation, illness, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These injuries and damages are continuing and permanent.

WHEREFORE, Plaintiff, MWASI SONGAMBELE, demands judgment against GODFREY O. ONUGHA, D.D.M., for compensatory and punitive damages, including prejudgment interest, attorneys' fees, the costs of this action, and such further relief as the Court deems just and proper. Plaintiff demands a jury trial on all issues so triable.

## COUNT III – FIRST AMENDMENT RETALIATION
### (against TAYLOR)

39.    Plaintiff incorporates and re-alleges paragraphs 1-23 as if fully set forth herein.

40.    This is a civil action brought under the First Amendment to the United States Constitution and the United States Supreme Court's decision in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) for compensatory damages, attorneys fees and costs against TAYLOR for committing acts under color of federal law in retaliation against Plaintiff for exercising rights and protections guaranteed to her under the Constitution and laws of the United States.

41.    In committing the acts described in paragraphs 18 through 23, above, TAYLOR, acting under color of federal law, subjected Plaintiff to differential treatment and patently inferior conditions of confinement in retaliation for her exercising the rights, privileges, and protections - or reporting a violation of the rights, privileges, and protections - guaranteed

persons in the custody and jurisdiction of the United States under one or more of the following: 18 U.S.C. § 2241(a)(1);  18 U.S.C. § 2243(b); and the First and Eighth Amendments to the United States Constitution.

42.     In committing the acts described in paragraphs 12 through 16, above, TAYLOR acted with reckless indifference toward, or callous disregard for, Plaintiff's federally protected rights.

43.     As a direct and proximate result of the foregoing unlawful acts, Plaintiff has suffered mental anguish, emotional distress, physical illness, exacerbation of pre-existing medical conditions, loss of income, loss of benefits, embarrassment, humiliation, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These injuries and damages are continuing and permanent.

**WHEREFORE**, Plaintiff, MWASI SONGAMBELE, demands judgment against Defendant W.T. TAYLOR, for compensatory and punitive damages, including prejudgment interest, attorneys' fees, the costs of this action, and such further relief as the Court deems just and proper. Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this <u>29th</u> day of June 2010.

**EUBANKS BARRETT FASIG
& BROOKS**

 /S/ *Donald C. Freeman*

**DONALD C. FREEMAN** (FBN 0736171)
3360 Capital Circle, N.E., Suite C
Tallahassee, Florida  32308
(850) 224-3310 Telephone
(850) 224-3433 Fax

ATTORNEYS FOR PLAINTIFF