UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MWASI SONGAMBELE,**

    **Plaintiff**

                                            Case No. 4:10-cv-241-RH/WCS

**vs.**

**GODFREY O. ONUGHA, D.M.D.;**
**and W.T. TAYLOR,**

    **Defendant**
_____/

## PRIVACY ACT ORDER

This cause is before the Court upon the United States' Motion for Entry of Privacy Act Order in response to the subpoenas directed to Kathleen Kenney, General Counsel/Assistant Director, Office of the General Counsel, Federal Bureau of Prisons, Custodian of Records at the Federal Correctional Institution (FCI) Tallahassee and to Karen Rhew-Miller, Assistant United States Attorney.

The United States, through counsel, has requested entry of this Order to permit it to disclose information protected under the provisions of the Privacy Act of 1974, 5 U.S.C. § 552a, and to restrict the use of the information disclosed so as not to undermine the purpose of the Privacy Act.

The documents and information which plaintiff has subpoenaed, and to which the United States requests entry of this Order as a prerequisite to production are as follows,

A. A copy of Mwasi Songambele's medical records in possession of the United States

Attorney's Office.

     B. A copy of Dr. Godfrey Onugha's personnel records.

     C. A copy of the report of Nick Makrides, HHS Public Health Service, Chief Dentist concerning review of Mwasi Songambele's dental records.

     D. Copies of Appointment Log pages showing dental appointments and medical information of Mwasi Songambele and other inmates.

     E. A copy of Mwasi Songambele's dental records in possession of the United States Attorney's Office (other inmate identifiers will be redacted).

     F. A copy of the OIG investigation and BOP investigatory file concerning the incident of sexual abuse/assault of Mwasi Songambele.

     The Court having considered the motion and being fully advised on the premises, and the Court having balanced the interests of the parties versus the privacy needs of the persons to whom the information pertains, it is hereby

     ORDERED AND ADJUDGED:

     1. The documents and information in question are "records" contained within a "system of records" within the meaning of the Privacy Act, 5 U.S.C. § 552a.

     2. The need for disclosure of the documents and information in question outweighs the privacy needs of the persons to whom the information pertains.

     3. The documents and information in question may be disseminated and used by the parties reasonably and in good faith in the preparation of and litigation of this case, but that such documents and information shall not be disseminated or used by plaintiff, her counsel, co-defendant, co-defendant's counsel or any other person to whom disclosure is made, for any other

purpose.

4.  That any person to whom the parties or their counsel make disclosure of these documents or information in the course of this litigation, other than in-court disclosure, shall be informed of the use restriction imposed by this Order prior to the disclosure to said person and shall acknowledge his/her agreement to be bound by this Order.

5.  That any Privacy Act protected documents and copies thereof, except exhibits admitted into evidence, must be returned to the United States or United States' counsel or, alternatively, both plaintiff's counsel and co-defendant's counsel may confirm in writing that the documents have been destroyed, within a reasonable time after the conclusion of this action, including appeals, if any.

6.  This Order is entered pursuant to 5 U.S.C. § 552a(b)(11), is applicable solely to Privacy Act issues, and does not prejudice the rights of the United States or the parties to raise objections to the admissibility of any document or to assert any applicable privilege.

SO ORDERED on October 20, 2010.

s/Robert L. Hinkle  
United States District Judge